# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Jeffrey Godsell, | Case No.: |
| And | Judge: |
| Adrienne Godsell, | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| Plaintiffs, | |
| v. | |
| Northstar Location Services, LLC, | JURY DEMAND ENDORSED HEREIN |
| Defendant. | |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Jeffrey Godsell ("Jeffrey") is a natural person who resided in Tampa, FL at all times relevant to the claims set forth herein.

3. Plaintiff Adrienne Godsell ("Adrienne") is a natural person who resided in Tampa, FL at all times relevant to the claims set forth herein.

4. Defendant is a Limited Liability Company that maintained its principal place of business in Cheektowaga, NY at all times relevant to the claims set forth herein.

5. In or around 2006, Plaintiffs obtained a loan from Chrysler Financial Services for the purchase of an automobile, which was used primarily for family and household purposes, thereby incurring a "debt" as defined by 15 U.S.C. §1692a(5).

1

6. As described below, Defendant attempted to collect the debt from Plaintiffs.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

9. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

10. On or around July 8, 2009, Defendant telephoned Jeffrey's mother ("Janice") in an effort to collect the debt.

11. During this communication, Defendant stated that Plaintiffs were three months behind on their payments to Defendant for an automobile loan.

12. During this communication, Defendant falsely represented that Plaintiffs had given Defendant Janice's telephone number.

13. During this communication, Defendant demanded that Janice have Plaintiffs return Defendant's call.

14. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party in connection with the collection of a debt without Plaintiff's consent. In support hereof Plaintiff incorporates paragraphs 10-13 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

17. Defendant violated 15 U.S.C. §1692e in that it used false, deceptive, and/or misleading representations in connection with the collection of a debt. In support hereof Plaintiff incorporates paragraph 12 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

18. Defendant violated 15 U.S.C. §1692f in that it used unfair and/or unconscionable means to attempt to collect a debt. In support hereof Plaintiff incorporates paragraphs 10-13 as if specifically stated herein.

## JURY DEMAND

19. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

20. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, LLP

By: *H. Karen Gatto*
Helene Karen Gatto
Bar # 0190527
2901 West Busch Blvd, Suite 201
Tampa, FL 33618
Telephone: 866-339-1156
Email: kga@legalhelpers.com
Attorneys for Plaintiff